

07 CIV 8636

5187COMPLAINT/5187KLSESERVER

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE9890)
75 Maiden Lane, Suite 402
New York, New York 10038-4816
Telephone:  212-430-0800
Telecopier:  212-430-0810
Attorneys for Plaintiffs


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>           - v. -<br><br>M/V GREAT IMMENSITY, her engines, tackle, apparel, etc., <u>in rem</u>,<br><br>           -and against-<br><br>STX PAN OCEAN, STX PANOCEAN CO., LTD., GREAT IMMENSITY SHIPPING and PANOBULK AMERICA, INC., in personas,<br><br>                    Defendants. | 07 Civ. ( )<br><br>COMPLAINT<br><br>ECF CASE |

Plaintiff by its attorneys, Kennedy Lillis Schmidt & English, alleges upon information and belief, as follows:

FIRST: All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

SECOND: At and during all the times hereinafter mentioned plaintiff had and now has the legal status and principal office and place of business stated in Schedules A, hereto annexed and by this reference made a part hereof.

THIRD: At and during all the time hereinafter mentioned defendants had and now have the legal status and offices and places of business stated in Schedules A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessels above named as common carriers of merchandise by water for hire.

FOURTH: At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

FIFTH: On or about the date and at the port of shipment stated in Schedules A. there was shipped by the shippers therein named and delivered to defendants and the said vessel, as common carriers, the shipments described in Schedule A then being in good order and condition, and defendants and the said vessel then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination stated in Schedule A, and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees in Schedule A.

SIXTH: Thereafter, the said vessel arrived at the port of destination, where it and defendants failed to make delivery of the shipments described in Schedule A, in the same good order and condition as when shipped, delivered to and received by them all in violation of defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

SEVENTH: Plaintiff is the subrogated underwriter of the shipper, consignee or owner of the shipments described in Schedule A and bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in the said shipments, as

their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

EIGHTH: By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $500,704.97.

WHEREFORE, plaintiffs pray:

1. That process in due form of law issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District, then all their property within this District as shall be described in Schedule A, be attached in the sum of $500,704.97, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, issue against said vessel, her engines, etc., and that

all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in favor of plaintiffs for their damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and

    5. That this Court grants to plaintiffs such other and further relief as may be just and proper.

Dated:  New York, New York  
       October 2, 2007

KENNEDY LILLIS SCHMIDT & ENGLISH  
Attorneys for Plaintiff

By: _____  
Craig S. English (CE9890)  
75 Maiden Lane, Suite 402  
New York, New York 10038-4816  
Telephone: 212-430-0800

5187SCHEDULEA/5187KLSESERVER

## SCHEDULE A

PLAINTIFF'S LEGAL STATUS

    Plaintiff, American Home Assurance Company, is a corporation or other business entity organized and existing under, and by virtue of, the laws of New York with an office for the transaction of business c/o AI Marine Adjusters, Inc., 175 Water Street, 15th floor, New York, New York 10038.

DEFENDANT'S LEGAL STATUS

    Defendants, STX Pan Ocean and STX Panocean Co., Ltd, are corporations or other business entities organized and existing under, and by virtue of, the laws of Korea, with an office for the transaction of business c/o Panobulk America, Inc., 201 Route 17, North, 3rd floor, Rutherford, New Jersey 07070.

DEFENDANT'S LEGAL STATUS

    Defendant, Panobulk America, Inc., is a corporation or other business entity organized and existing under, and by virtue of, the laws of one of the states of the United States, with an office for the transaction of business at 201 Route 17, North, 3rd floor, Rutherford, New Jersey 07070.

DEFENDANT'S LEGAL STATUS

Defendant, Great Immensity, was the carrying vessel of the cargo set forth in, and pursuant to, a contract of carriage as described below; at all relevant times, the said vessel was and is owned by Great Immensity Shipping, Hong Kong, China.

PARTICULARS OF CLAIM

Vessel:  Great Immensity

Voyage:  GMM 001

Port of Loading:  Xingang, China

Port of Discharge:  Tampa, Florida, USA

Bill of Lading:  POBUXNGTAM60000

Issue Date of Bill of Lading:  April 11, 2006

Shipper:  Knauf Plasterboard (Tianjin) Co., Ltd.

Consignee:  USG c/o L & W Supply Corporation

Notify Party:  USG c/o L & W Supply Corporation

Cargo:  Knauf General Gypsum Board

Nature of Loss:  Damage

Amount of Loss:  $500,704.97

Kennedy Lillis Schmidt & English Reference:  5187